Case 4:16-cv-03415 Document 13 Filed in TXSD on 01/27/17 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HESS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3415 |
| | § | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Schlumberger Technology Corporation's ("Schlumberger") Motion to Dismiss Under Rule 12(b)(6) ("Motion to Dismiss") (Docket Entry No. 8). For the reasons stated below, Hess will be ordered to file an amended complaint or face dismissal of this action.

### I. Factual and Procedural Background

This case arises from the alleged failure of several Subsurface Safety Valves ("SSVs") purchased by Hess from Schlumberger.[1] The valves were purchased under terms set forth in a contract entered into by the parties on February 2, 2000. The contract expressly covered all "services, products, equipment, materials or other items" provided by Schlumberger to Hess and

---

[1] The following facts are presented as alleged in Plaintiff's Original Complaint (Docket Entry No. 1).

defined the rights, remedies, and liabilities of both parties.[2] Schlumberger disclaimed all implied warranties and provided express warranties "for a period of one (1) year after [Schlumberger's] delivery and/or installation" of the valves.[3] Schlumberger warranted that its valves would "(1) be new if specified by [Hess]; (2) be free from defects in design, materials, fabrication and other workmanship; and (3) conform to [Hess's] specifications, drawings or other descriptions contained in the applicable . . . purchase order . . . ."[4]

The valves at issue were purchased for wells in the Tubular Bells Field, located approximately 135 miles southeast of New Orleans on the Outer Continental Shelf. The safety valves for Wells D, B, and C, were installed in April 2014, May 2014, and April 2015, respectively. Production on Well D began on January 14, 2015, and ceased due to valve failure on August 10, 2015. Production on Well B began on December 14, 2014, and ceased due to valve failure on January 29, 2016. Production on Well C began on July 21, 2015, and ceased due to valve failure on July 28, 2016.

In the wake of each failure Hess called in Schlumberger to conduct troubleshooting, but efforts to mitigate the failure,

---

[2]See Master Service Contract ("the Contract"), Exhibit A to Defendant's Motion to Dismiss, Docket Entry No. 8-2, p. 3, § 2(a).

[3]Id. at 3-4, § 2(a).

[4]Id. at 3, § 2(a).

restore the well, or resume production were unsuccessful. Schlumberger continued to investigate the failures and concluded that the primary root cause of the valve failure was the quality of the Metal Spring Energized ("MSE") seals. On January 18, 2016, Schlumberger told Hess that it had identified an issue with the seals and had engaged in a worldwide recall of all valves in inventory manufactured from 2012 to 2015. The MSE seals identified in the investigation were part of suspect batches that decreased reliability. Schlumberger's engineers also told Hess that the issues with respect to the MSE seals may have been exacerbated by Schlumberger's own Factory Acceptance Testing, wherein high-pressure bleed off during the Factory Acceptance Test either fully damaged the seals or at least compromised them.

Schlumberger communicated to Hess that destructive testing confirmed that the MSE seals in the Well B valve suffered from the same issue as those in the Well D valve. On May 17, 2016, Hess notified Schlumberger that it revoked acceptance of the Schlumberger Safety Valves used in Wells D and B pursuant to Texas Business & Commerce Code § 2.608.[5] Hess revoked acceptance of the

---

[5]This statute states:

> (a)   The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
>
> > (1) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

(continued...)

SSV used in Well C on July 29, 2016, on the same basis. Hess alleges that it was not aware of the issues with respect to the MSE seals contained in the SSVs when it accepted the valves and could not have become aware of the issues with respect to the MSE seals without conducting destructive testing on the valves. Hess also alleges that the SSVs containing the defective MSE seals were non-conforming goods and that the non-conformities substantially impaired the value of the valves to Hess.

Hess now seeks to recover for breach of contract pursuant to § 2.608. Schlumberger moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

In a motion to dismiss under Rule 12(b)(6), the court must "'accep[t] all well-pleaded facts as true and vie[w] those facts in the light most favorable to the plaintiff.'" Bowlby v. City of

---

[5](...continued)
  (2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

  (b) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

  (c) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Tex. Bus. & Com. Code § 2.608.

Aberdeen, Miss., 681 F.3d 215, 219 (5th Cir. 2012). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965. Dismissal under Rule 12(b)(6) is appropriate when a plaintiff's legal theory is incorrect: "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate . . . ." Neitzke v. Williams, 109 S. Ct. 1827, 1833 (1989). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 127 S. Ct. at 1966 (internal quotation marks omitted).

### III. Application

The parties dispute the nature of Hess's claim. Hess argues that the SSVs with the defective seals were non-conforming goods and that Schlumberger failed to fulfill its obligations under the Contract. Schlumberger contends that Hess is attempting to circumvent the time-limited express warranty to which the parties agreed by mislabeling what is in fact a breach of warranty claim.

Whether Hess can assert a viable claim turns on the nature of the alleged non-conformity. Because Hess's allegations are still somewhat unclear on that point, the court concludes that the course of action most consistent with the Federal Rules of Civil Procedure is to allow Hess the opportunity to amend its claims.[6]

In cases of non-conforming goods, the distinction between breach of contract and breach of warranty claims can become blurred. Some courts appear to have held that breach of contract claims are limited to non-delivery and that claims for delivered non-conforming goods must be for breaches of warranty.[7] Other courts have held that delivering non-conforming goods may reflect either a breach of contract, a breach of warranty, or both.[8]

---

[6] "[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

[7] See, e.g., A.O. Smith Corp. v. Elbi S.p.A., 123 F. App'x 617, 619 (5th Cir. 2005) (per curiam) ("Texas law forbids conflating breach of warranty and breach of contract: . . . . There is a definitive distinction between failure to conform and failure to deliver.") (internal quotation marks and citation omitted); Chilton Ins. Co. v. Pate & Pate Enterprises, Inc., 930 S.W.2d 877, 890 (Tex. App. -- San Antonio 1996, pet. denied) (holding that breach of contract damages are available for failure to perform, but not for delivery of non-conforming goods).

[8] See Contractor's Source Inc. v. Hanes Companies, Inc., Civil Action No. H-09-0069, 2009 WL 6443116, at *6 (S.D. Tex. Dec. 29, 2009) (holding that a breach of contract remedy is not wholly foreclosed in a case involving defective or non-conforming goods rather than failure to deliver); Morgan Buildings and Spas, Inc. v. Humane Society of Southeast Texas, 249 S.W.3d 480, 491 (Tex. App -- Beaumont 2008, no pet.) (holding that a buyer could recover under breach of contract for non-conforming goods).

The problem is that either rule seems to lead to unjust outcomes in some cases. On the one hand, sellers should not be able to disclaim all warranties to the extent that they need not even fulfill the terms of the contract. On the other hand, breach of contract claims should not subsume all breaches of warranty. Judge Ellison offered the following solution in <u>Contractor's Source</u>:

> [W]here the non-conformity alleged relates to the specific obligations of the seller under the terms of the contractual agreement, the buyer's remedies fall primarily under a breach of contract claim. If, however, the non-conformity arises solely from the seller's express or implied warranties outside of its contractual obligations, or from generally defective goods, the buyer's sole remedy is for breach of warranty.

2009 WL 6443116 at *6. Under this analysis when a good with particular characteristics or composition is specified under the contract, the duty to provide an item conforming to the specifications is a contractual obligation rather than a warranty of quality or future performance. As such, it cannot be disclaimed or time limited. When the item meets specifications but is otherwise defective, the buyer's remedies are limited by the seller's warranties or disclaimers.

In this case, it is not clear whether Hess is alleging that the SSVs or their MSE seals did not conform to the contract specifications or that they were not "free of defects" upon delivery.[9] If Hess is merely alleging that the goods were

---

[9]<u>Compare</u> Hess Corporation's Response To Schlumberger Technology Corporation's Motion To Dismiss, Docket Entry No. 10, (continued...)

defective, it has no viable breach of contract claim. If instead Hess is alleging that the parts were nonconforming based on obligations in the contract other than those found in the express, time-limited warranties, it may have a claim. Hess will ther*efore* be given an opportunity to amend its Complaint.

## IV.  Order

Hess is **ORDERED** to file an amended complaint by February 15, 2017, that states a viable breach of contract claim. If Hess fails to do so, Schlumberger's Motion to Dismiss will be granted.

**SIGNED** at Houston, Texas, on this 27th day of January, 2017.

_/s/ Sim Lake_
―――――――――――――――――――
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

⁹(...continued)
p. 10 ("Through Commercial Agreement # 46000010410 -- entered into specifically for 'For the Provision of Surface Controlled Sub-surface Safety Valves' -- Schlumberger further promised that it would 'provide SCSSV's that comply with Company and industry standards and specifications and in accordance with the drawing and specifications which are contained or referenced in this Agreement.'") with id. ("Based on Schlumberger's own investigation, Schlumberger's safety valves were not 'free from defects' on the dates Schlumberger furnished them to Hess.").