IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HESS CORPORATION, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-16-3415
 §
SCHLUMBERGER TECHNOLOGY §
CORPORATION, §
 §
 Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hess Corporation ("Hess") sued Defendant Schlumberger Technology Corporation ("Schlumberger") in this court. Pending before the court is Schlumberger Technology Corporation's Motion to Disqualify Plaintiff's Expert Dennis Read ("Schlumberger's Motion to Disqualify Read") (Docket Entry No. 77). For the reasons stated below, Schlumberger's Motion to Disqualify Read will be denied.

I. **Factual Background**[1]

This action arose from the sale and subsequent failure of several Subsurface Safety Valves ("SSVs") purchased by Hess from Schlumberger. Dennis Read is a liability expert for Hess on what

---

[1] See generally Schlumberger's Motion to Disqualify Read, Docket Entry No. 77, pp. 1-4; Hess Corporation's Opposition to Schlumberger Technology Corporation's Motion to Disqualify Dennis Read ("Hess's Opposition to Schlumberger's Motion to Disqualify Read"), Docket Entry No. 80, pp. 7-11. [All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.]

caused the four Schlumberger SSVs at issue to fail. Read is an engineer who worked for an entity acquired by Schlumberger, Camco Products and Services, and Schlumberger itself from 1994 to 2010. While employed by Schlumberger, Read signed a "Patent and Confidential Information Agreement" ("the Confidentiality Agreement") dated January 3, 2000. The Confidentiality Agreement states: "Employee will not publish or disclose to anyone outside of [Schlumberger] or its Affiliates, or use in any way other than in [Schlumberger's] business, any trade secrets or confidential technical or business information or material of [Schlumberger] or its Affiliates either during or after employment with [Schlumberger]."[2]

During his employment at Schlumberger, Read worked in various departments, including those charged with developing safety valves and seals. Read never worked on the exact SSVs at issue in this litigation. While Read acknowledges that he has seen a schematic of the Metal Spring Energized ("MSE") seals at issue, he never saw the proprietary manufacturing drawings. Read left Schlumberger in 2010 and now owns his own machine shop. Read has not worked on safety valves since his departure from Schlumberger.

Hess hired Read as an expert to disassemble and test some of the SSVs at issue. Read performed lengthy testing on the SSVs

---

[2]See Patent and Confidential Information Agreement [Filed Under Seal], Exhibit 2 to Hess's Opposition to Schlumberger's Motion to Disqualify Read, Docket Entry No. 80-2, ¶ 1.

with Schlumberger's knowledge. Hess served Read's expert report on Schlumberger on September 14, 2018. During Read's deposition on October 26, 2018, Schlumberger produced the Confidentiality Agreement. Schlumberger now moves to disqualify Read from serving as an expert for Hess.

## II. Analysis

Schlumberger argues that the Confidentiality Agreement prevents Read from testifying as an expert for Hess in this action. Hess argues that Read's testimony is based on his general knowledge of safety valves and not on any confidential information he may have acquired from Schlumberger during his employment.

The party seeking to disqualify an expert witness bears the burden of proving that disqualification is appropriate. Koch Refining Co. v. Jennifer L. Boudreau M/V, 85 F.3d 1178, 1181 (5th Cir. 1996). "Federal courts have the inherent power to disqualify experts, although cases that grant disqualification are rare." Id. (internal citations omitted). In determining whether an expert should be disqualified based on a conflict of interest, the court must consider (1) whether a confidential relationship existed between the proposed expert and the moving party and (2) whether the moving party disclosed confidential information to the proposed expert that is relevant to the current litigation. Id.; WesternGeco LLC v. Ion Geophysical Corp., Civil Action No. 09-cv-1827, 2010 WL 2266610, at *1 (S.D. Tex. June 2, 2010); ACQIS LLC v.

Appro International, Inc., Case No. 6:09 CV 148, 2010 WL 11470595, at *2 (E.D. Tex. July 14, 2010) (citing Koch, 85 F.3d at 1181).

A. Confidential Relationship

Read is a former Schlumberger employee. Read signed the Confidentiality Agreement, which mandated that he not disclose any of Schlumberger's confidential information or trade secrets during or after his employment with Schlumberger. The Confidentiality Agreement imposed upon Read a continuing obligation to preserve Schlumberger's confidential information that he learned during his employment with Schlumberger. A confidential relationship therefore existed, and continues to exist, between Read and Schlumberger.

B. Relevancy of Confidential Information to Current Litigation

There can be no dispute that Read learned confidential information during his tenure developing technology for Schlumberger.[3] The issue is whether Schlumberger can point to any confidential information <u>relevant</u> to this litigation known to Read. During his time at Schlumberger Read worked in various departments. It is undisputed that Read worked in one or more departments that

---

[3]The parties disagree as to whether discoverable, technical information can be "confidential" within the scope of a non-disclosure agreement. For purposes of analysis, the court will assume without deciding that it is possible for technical information learned by a former employee to be confidential and fall within the scope of a former employee's non-disclosure agreement.

developed or produced safety valves. Although Read undoubtedly learned some confidential information about safety valves, he never worked on the SSVs at issue in this case. Read's only expertise as to the SSVs other than his general knowledge of the field is knowledge gained from performing tests on the failed SSVs.

The inquiry into whether a former-employee-expert received confidential information relevant to the current litigation is fact-intensive. Courts evaluate the nature and extent of the former employee's relationship with his employer and what confidential information the employee may have been exposed to during his work for the employer.

In ACQIS the plaintiff retained a damages expert who was a former employee of the defendant. ACQIS, 2010 WL 11470595, at *1. The employee has been employed by defendant for over three decades. Id. The employee was "intimately involved in [the defendant's] intellectual property licensing practices, as well as the development of a new intellectual property licensing strategy for [the defendant]." Id. The defendant argued that the vast majority of the employee's experience would be relevant to the litigation and that disclosure of confidential information would be inevitable. Id. at *2. Despite the defendant's concerns, the court refused to disqualify the expert because the defendant failed to point to particular confidential information disclosed to the expert relevant to the litigation. Id. The court noted that the employee's broad licensing knowledge was not sufficient to qualify

as "relevant" to the particular technology at issue in the suit. See id. Read is similarly positioned to the expert in ACQIS. Like the defendant in ACQIS, Schlumberger has failed to point to specific confidential information known to Read that would disqualify him from serving as an expert in this case.[4]

Schlumberger cites cases where other courts found that the challenged expert should be disqualified. In Sensormatic Electronics Corp. v. WG Security Products, Inc., Civil Action No. 2:04-Cv-167, 2006 WL 5111116 (E.D. Tex. Feb. 9, 2006), the court concluded that an expert who was a named inventor on one of the patents-in-suit could not serve as an expert for the opposing party. Id. at *3. Sensormatic is distinguishable because Schlumberger has failed to demonstrate that Read has any confidential or technical knowledge of the SSVs at issue in this litigation.

In Dyna-Drill Technologies Inc. v. Conforma Clad Inc., Civil Action No. H-03-05599, 2005 WL 5979403 (S.D. Tex. May 16, 2005), the defendant sought to disqualify one of the plaintiff's expert witnesses because he was an employee of the defendant's predecessor entity. The court held that the expert was disqualified because he was "employed for many years by Defendant's predecessor company and

---

[4]In Schlumberger Technology Corporation's Reply in Support of Motion to Disqualify Plaintiff's Expert Dennis Read ("Schlumberger's Reply"), Schlumberger lists "specific" examples of confidential information that Read received from Schlumberger. The list cites Read's general experience of working with safety valves at Schlumberger, but fails to point to specific confidential information known to Read relevant to his analysis of the failed SSVs. See Schlumberger's Reply, Docket Entry No. 82, pp. 8-9.

was in charge of the commercialization of the alleged trade secret process at issue in th[e] case." Id. at *1. Dyna-Drill is distinguishable because other than Read's having viewed a non-proprietary schematic of the MSE seals used in the SSVs, Schlumberger fails to cite any specific confidential information known to Read that pertains to the SSVs at issue.

The court in WesternGeco, 2010 WL 2266610, disqualified the plaintiff's expert, who had served as an employee of the defendant's predecessor entity, because he directly participated in developing products related to the products at issue in the dispute. The court noted that the expert's "field of expertise closely relates to, if not encompasses, the technology taught by the patents-in-suit." Id. at *2. While the expert did not directly work on the specific inventions at issue in the lawsuit, the court found that "at this stage in the dispute, before the confidential information has been fully disclosed and reviewed by [the plaintiff's] counsel or its experts, the Court lacks confidence in [the plaintiff's] ability to accurately assess what knowledge and expertise will be useful in this litigation." Id. This case is distinguishable from WesternGeco because Read has already conducted extensive testing on the failed SSVs and reviewed various documents produced by both Hess and Schlumberger during discovery. Even after conducting extensive discovery, Schlumberger cannot point to any confidential knowledge possessed by Read that disqualifies him from analyzing the SSVs.

Disqualification turns on whether specific confidential information known to Read is relevant to this litigation. While Read's general experience with safety valves from his work with Schlumberger is relevant to this litigation, to disqualify Read, Schlumberger must point to specific confidential information learned by Read that is relevant to the failed SSVs at issue. Schlumberger has failed to meet this burden. Accordingly, Read will not be disqualified from serving as an expert for Hess.

### III. Conclusion

For the reasons stated above, Schlumberger Technology Corporation's Motion to Disqualify Plaintiff's Expert Dennis Read (Docket Entry No. 77) is **DENIED**.

**SIGNED** at Houston, Texas, on this 18th day of December, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE